**In the Matter of the WELFARE OF T.A.K., Jr., a Child.**

No. C6–89–2010.

Court of Appeals of Minnesota.

Jan. 9, 1990.

Raymond F. Schmitz, Olmsted County Atty., Gary A. Gittus, Asst. County Atty., Rochester, for appellant State.

William L. French, Rochester, for respondent T.A.K.

Considered and decided at Special Term by PARKER, P.J., and KALITOWSKI and KLAPHAKE, JJ.

## SPECIAL TERM OPINION

PARKER, Judge.

### FACTS

A delinquency petition was filed against respondent T.A.K. Following an evidentiary hearing, the trial court suppressed certain statements. On October 31, 1989, the county attorney moved for a stay of proceedings pursuant to Minn.R.Juv.Cts. 31.-02, subd. 2(A). Five business days later, a notice of appeal was filed with the Olmsted County Court Administrator. The next day, the notice of appeal and accompanying documents were served on T.A.K.'s attorney and filed with the Clerk of the Appellate Courts. This court questioned the timeliness of the appeal.

### DECISION

Pretrial appeals in juvenile matters are governed by Minn.R.Juv.Cts. 31.02. Rule 31.02, subdivision 2 requires the trial court to issue a five-day stay of proceedings upon notice of the county attorney's intent to appeal. The county attorney has five days after the order staying proceedings to file a written notice of appeal with the trial court administrator. *Id.* Within five days after filing of the notice of appeal, the notice must be served upon the child's counsel and upon counsel for the child's parents or guardian. *Id.* Proof of such service must be filed with the court administrator within three days after such service. *Id.* The requirements have been met.

Rule 31.02 has not been modified since the days when appeals in juvenile matters were taken from the county court to the district court. It does not refer to this court and does not recognize the merger of county courts and district courts. In fact, the current rules actually provide that an appeal from district court "is taken directly to the Supreme Court." Minn.R.Juv.Cts. 31.03, subd. 1.

Rule 31.02 is very similar to Minn.R. Crim.P. 28.04, governing pretrial appeals by the state in criminal matters. Rule 28.04, subd. 2(2) requires that a notice of appeal be filed with the Clerk of the Appel-

late Courts within five days after entry of the pretrial order appealed from. Unfortunately, Rule 31.02 does *not* establish a time for filing a pretrial notice of appeal with the Clerk of the Appellate Courts in juvenile matters.

█ Because of the confusion Rule 31.02 may cause, we take this opportunity to clarify the procedure to be followed in future pretrial appeals by the state in juvenile matters. After the later of the pretrial conference or pretrial evidentiary hearing, *see* Minn.R.Juv.Cts. 31.02, the county attorney must notify the court of the county attorney's intent to appeal. *Id.*, subd. 2(A). Upon such notice, the trial court shall order a stay of proceedings for five days to allow an appeal. *Id.*

Within five days after the court orders a stay of proceedings, the county attorney must file a notice of appeal with the trial court administrator. *Id.*, subd. 2(B). Hereafter, the notice of appeal *must also be filed* with the Clerk of the Appellate Courts within five days after the trial court orders a stay of proceedings.

Within five days after filing the notice of appeal with the trial court administrator and the Clerk of the Appellate Courts, the county attorney must serve opposing counsel. Minn.R.Juv.Cts. 31.02, subd. 2(B). If the notice of appeal is filed with the trial court administrator and the Clerk of the Appellate Courts on different days, the notice of appeal must be served on opposing counsel within five days after the *earlier* filing.

█ Minn.R.Juv.Cts. 31.02, subd. 2(B) requires that proof of service on opposing counsel be filed "with the clerk of court not more than three (3) days after such service." *Id.* This proof of service must be filed with the trial court administrator *and* with the Clerk of the Appellate Courts.

█ The county attorney in the present case complied with all the requirements of the current version of the Rules of Juvenile Courts; those rules do not limit the time for *filing* the notice of appeal with the Clerk of the Appellate Courts. The procedure we announce today will apply to all future juvenile pretrial appeals taken by the state.

Appeal ordered to proceed.