**In the Matter of the
WELFARE OF J.E.K.**

No. C2–89–2196.

Supreme Court of Minnesota.

April 13, 1990.

Bruce N. Ringstrom, Asst. District Public Defender, Moorhead, John M. Stuart, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, John E. Pearson, Becker County Atty., Detroit Lakes, for respondent.

KELLEY, Justice.

The sole issue on this appeal is whether the court of appeals erred in dismissing the appeal of a juvenile, J.E.K., from a pre-trial order of the district court referring him for prosecution as an adult. Complying with Minn.R.Juv.P. 31.01 (1988), J.E.K. timely filed his notice of appeal with the clerk of district court where the matter was heard. However, because the clerk of the appellate courts did not receive the notice until later, the court of appeals dismissed the appeal as untimely. We reverse the dismissal and remand to the court of appeals for consideration of the appeal on its merits.

The Rules of Procedure for Juvenile Courts were promulgated and became effective on May 1, 1983. Rule 31.01, subd. 2(B) specifies that the appellant file the notice of appeal "with the clerk of the court where the matter was heard." J.E.K. relied on this rule in filing the notice of appeal with the clerk of the district court where the reference hearing was held.

The court of appeals relied on Minn.Stat. § 260.291, subd. 2 (1988), which says that an appeal from a juvenile court is taken to the court of appeals "as in other civil cases." Since notice of appeal in an ordinary civil action must be timely filed with the clerk of the appellate courts, Minn.R. Civ.App.P. 103.01, subd. 1, the court of appeals reasoned that the filing of the notice of appeal with the clerk of the district court on the last day for filing did not satisfy the requirement of timely filing with the clerk of the appellate courts. *Cf. In re Welfare of T.A.K., Jr.*, 450 N.W.2d 161 (Minn.App.1990) (declining to dismiss pre-trial appeal under Minn.R.Juv.P. 31 by the state from a suppression order in a juvenile proceeding but declaring that in "all future juvenile pretrial appeals taken by the state" a timely notice of appeal must be filed in both the district court and the court of appeals).

We believe that J.E.K.'s attorney was justified in relying on the clear language of Minn.R.Juv.P. 31.01, subd. 2 (1989), which is the rule an attorney normally would consult to learn the requirements for filing a timely notice of appeal from a reference order. Accordingly, we reverse the dismissal order and remand to the court of appeals for consideration of the appeal on its merits.

We note that effective March 1, 1990, Minn.R.Juv.P. 31.01, subd. 2 (appeal by child or parent or guardian) and R. 31.02, subd. 2 (appeal by county attorney) have been amended. Henceforth, the proper procedure is for the appellant to file the notice of appeal "with the clerk of the appellate courts" (together with proof of service on the opposing party and the court administrator of the district court in which the order appealed from is entered).

Reversed and remanded.